IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. *ex rel.* Inmate Paul Edward Bunting, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00246 |
| v. | : | Judge Frost |
| Ohio Department of Rehabilitation, Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

## Report and Recommendation

Plaintiff Paul Edward Bunting, a prisoner at the Belmont Correctional Facility, has filed a "Writ for a Preliminary and of Reparative Injunctive Relief" alleging that defendants limited his access to the prison library to every other day.

This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint filed May 7, 2010 in response to the April 9, 2010 Report and Recommendation. Under 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C.

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

§1997e(c), the Court is required to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff's motion to proceed *in forma pauperis* is GRANTED.

The complaint alleges that prisoners at the Belmont County Correctional Facility can go to the law library only every other day. Plaintiff Bunting believes that the every other day restriction limits his ability to litigate cases he is pursuing.

To state a claim under 42 U.S.C. § 1983 for denial of access to the courts, a complaint must plead actual injury:

> In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing"). Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Jackson v. Gill*, 92 Fed. Appx. 171, 173 (6th Cir.2004) (unpublished).

*Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Pilgrim v. Littlefield,* 92 F.3d 413,

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

416 (6th Cir. 1996). The complaint does not allege that any individual defendant's conduct actually deprived Bunting of access to the courts. It merely details how the individual defendants have enforced the regulation limiting prisoners' access to the law library to every other day.

On its face the regulation does not violate the constitution. While prisoners can be physically in the law library only every other day, that does not mean that they cannot continue to think about their cases and write portions of pleadings and briefs on the days they are not permitted in the law library. Further, they are free to request additional access to the law library when they can demonstrate an urgent, immediate need to conduct additional legal research to meet a court deadline which they have diligently attempted to meet but have been unable to complete the work because of the every other day law library restriction.

Here the complaint does not allege any actual prejudice attributable to the every other day law library access restriction. Consequently, it fails to state a claim for relief. The Magistrate Judge RECOMMENDS that the complaint be DISMISSED for failure to state a claim against any individual defendant.

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge