IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL E. BUNTING, | : | |
| Plaintiff | : | Civil Action 2:10-cv-246 |
| v. | : | Judge Frost |
| BELMONT CORR. INST., *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court pursuant to Plaintiff's motion for reconsideration (Doc. 12).  Plaintiff filed suit, moving to do so *in forma pauperis*, on March 14, 2010.  He alleged that he is a prisoner at the Belmont Correctional Institution presently engaged in certain litigation to challenge sex offender re-classification requirements.  At his prison, inmate access to the law library is granted on alternate days, determined by the parity of the last digit of the inmate's prison identification number.  Plaintiff complained that permitting access to the prison law library only on alternate days is a violation of his constitutional right to due process.  He stated that this policy, imposed by the prison's chief librarian, is inconsistently enforced, and is superseded by Ohio Department of Rehabilitation and Correction policy.

Upon initial screening, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim against any individual defendant.

1

He found, pursuant to *Hardin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), that in order for a plaintiff to state a claim for denial of access to the court system, he must show actual injury. Plaintiff's complaint, according to the Magistrate Judge, did not allege that any individual defendant's conduct actually deprived him of access to the courts or allege any actual prejudice attributable to the access restriction. Moreover, the Magistrate Judge found that the regulation is not unconstitutional on its face.

Upon objection, Plaintiff states that the exhibits to his complaint clearly demonstrate that he has been injured by being denied access to the law library. He attached to his original motion for leave to proceed *in forma pauperis* a copy of a March 4, 2010 conduct report in which he was cited for disobedience of a direct order and being out of place for repeatedly appearing in the law library on the wrong day. (Doc. 1-2 at 7.) He has also filed a copy of the related March 5, 2010 Rules Infraction Board finding, in which he was barred from the library for thirty days (Doc. 5 at 18), and March 4, 2010 correspondence from the Clerk of the Supreme Court of Ohio advising him that he was required to file a notice of appeal by April 5, 2010. Plaintiff avers that this demonstrates how he "could not possibly research and type reference for a memorandum when Plaintiff was wholly restricted to attend the entire library building" during the intervening period. (Doc. 12 at 3.)

Plaintiff's argument is not well taken. The documents to which he refers demonstrate that Plaintiff was temporarily barred from the library for having

refused to obey two orders to leave the library on a day when his inmate number was not permitted.  Plaintiff's inability to use the law library to prepare his appeal was caused by his own actions in violating prison rules, not by the prison librarian's policy of restricting access on alternate days.  Whatever injury he suffered resulted from the penalty imposed by the Rules Infraction Board, not from the even-odd library access policy itself.  Furthermore, as the Magistrate Judge found, the policy is not unreasonable on its face as a means of regulating access to the limited resources of the library.

Accordingly, upon *de novo* review this Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. 9).  The Court **DISMISSES** this case pursuant to 28 U.S.C. §1915A(b)(2) for failure to state a claim against any individual defendant.

       /s/ Gregory L. Frost
      United States District Judge